UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-23-RJC

| | |
|---|---|
| DONALD LEE SAPP, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) **ORDER** |
| | ) |
| NORTH CAROLINA DEPARTMENT | ) |
| OF CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on a periodic status review of this action brought by pro se Plaintiff pursuant to 42 U.S.C. § 1983. On June 10, 2013, this Court conducted an initial review of Plaintiff's Complaint. (Doc. No. 7). As a result, all Defendants except Defendant D. Harris were terminated. The Court, therefore, ordered the U.S. Marshal to serve Defendant Harris with summons. This Court's docket indicates that summons was issued to the U.S. Marshal for service on Defendant Harris on June 26, 2013. (Doc. No. 8). On June 5, 2014, the U.S. Marshal returned as executed a summons as to Defendant Harris. (Doc. No. 10). A review of the executed summons, however, indicates that Defendant Harris has still not been served properly with summons, and he has not answered or otherwise filed a response pleading in this action. On March 3, 2015, this Court entered an order requiring Plaintiff to show cause why the action should not be dismissed for failure to prosecute based on the fact that Defendant Harris has not been served with summons. (Doc. No. 12). Plaintiff has explained in his response that he wishes to proceed with this action. (Doc. No. 13). He does not address the fact that Defendant Harris has not been

1

properly served. Given Plaintiff's incarceration, he most likely does not know Defendant Harris's current address.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendant Harris. If Defendant Harris is no longer employed with the North Carolina Department of Public Safety, this means the U.S. Marshal shall use reasonable efforts to locate Defendant's current address and serve him at that address.

**IT IS, THEREFORE, ORDERED** that:

1. The U.S. Marshal shall use all reasonable efforts to locate and obtain service on Defendant Harris. If the U.S. Marshal is unable to locate and obtain service on Harris, the U.S. Marshal shall inform the Court of the efforts made in attempting to

locate this Defendant.

2. The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Robert J. Conrad, Jr.
United States District Judge