UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH
CAROLINA, CHARLOTTE DIVISION
3:12-cv-23-RJC

| | |
|---|---|
| DONALD LEE SAPP, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| ) | |
| N.C. DEPARTMENT OF ) | |
| CORRECTIONS/DIVISION of ) | |
| PRISONS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on a periodic status review. The sole remaining Defendant, Donald Harris, who is not represented by counsel, filed an Answer on July 6, 2015. The Court entered a Scheduling Order on July 20, 2015, setting a deadline for discovery as November 10, 2015, and setting a deadline for dispositive motions as December 10, 2015. To this date, neither party has filed any dispositive motions, nor is there any indication that the parties have engaged in any discovery in this matter.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision ... operates as an adjudication on the merits." FED. R. CIV. P. 41(b). Courts have the inherent authority to dismiss an action sua sponte. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31

(1962). Dismissal is proper under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). In applying Rule 41(b), courts have found that dismissal of a complaint is justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. See, e.g., Fischer v. Dover Steamship Co., 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); West v. City of New York, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute).

Plaintiff has failed to participate in the prosecution of his own action in this Court by failing to propound discovery and by failing to submit any dispositive motions. Thus, this matter is subject to dismissal for failure to prosecute. See Lacey v. Colvin, CIV. TMD 14-1837, 2015 WL 5602878, at *2 (D. Md. Sept. 22, 2015) ("The Court cannot . . . analyze the substance of Plaintiff's claim because of her failure to submit dispositive motions and her apparent abandonment of her claim."). Indeed, this action has now been pending in this Court for almost four years. On March 3, 2015, in response to Plaintiff's inactivity in this matter, the Court issued on order requiring Plaintiff to show cause as to why the matter should not be dismissed for failure to prosecute. (Doc. No. 12). Plaintiff was given an opportunity to take steps to litigate this action, but he still appears to have taken no action prosecuting his claim against Defendant Harris.

**IT IS HEREBY ORDERED** that, within 20 days of this Order, Plaintiff shall submit a statement as to why this matter should not be dismissed for failure to prosecute. See FED. R. CIV. P. 41. Plaintiff's failure to respond will result in dismissal without prejudice and without

further notice to Plaintiff. The Court advises Plaintiff that an explanation that he has not proceeded with this action because of his incarceration and lack of legal expertise will not suffice. Although actions by pro se plaintiffs are entitled to liberal construction, pro se plaintiffs are still required to follow the same procedural rules as counseled plaintiffs, and the Court may not act as an advocate for a plaintiff based on his pro se status.

**IT IS SO ORDERED**.

Signed: January 4, 2016

Robert J. Conrad, Jr.
United States District Judge