UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-23-RJC

| DONALD LEE SAPP, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| DEON HARRIS, | ) | |
| Defendant. | ) | |

**THIS ORDER** is intended to memorialize the Court's rulings in open court on Defendant Deon Harris's motion to dismiss this case against him based on Plaintiff's failure to prosecute this action. In accordance with the rulings made in open court, and based on the Court's docket entries in this matter, the Court finds as follows:

1. Plaintiff Donald Lee Sapp, Jr., a former prisoner at Lanesboro Correctional Institution in Polkton, North Carolina, filed this action on January 17, 2012, pursuant to 42 U.S.C. § 1983, alleging excessive force by Defendant Deon Harris based on an incident occurring at Lanesboro Correctional Institution on December 28, 2010. (Doc. No. 1).

2. On March 15, 2016, the Court received a notice of change of address from Plaintiff notifying the Court that he had been transferred to Lanesboro Correctional Institution in Polkton, North Carolina. (Doc. No. 25).

3. On April 11, 2016, the Court received a notice of change of address from Plaintiff notifying the Court that he had been transferred to Bertie Correctional Institution in Windsor, North Carolina. (Doc. No. 26).

4. The next day, April 12, 2016, the Court entered an Order continuing the trial to July 11, 2016, and mailed it to Plaintiff's last known address, Bertie Correctional Institution. (Doc. No. 27).

5. The Court takes judicial notice that the North Carolina Department of Public Safety website indicates that Plaintiff was released from state custody on May 10, 2016.

6. Plaintiff has a duty to apprise the Court of any change of address. See e.g., Spencer v. Parsons, No. 3:13-CV-339-FDW, 2015 WL 248350, at *1 (W.D.N.C. Jan. 20, 2015) (citing Walker v. Moak, Civ. No. 07-7738, 2008 WL 4722386, at *2–3 (E.D. La. Oct. 22, 2008); Fenza v. Conklin, 177 F.R.D. 126, 127 (N.D.N.Y. 1998) (stating that "[l]itigants have an ongoing obligation to keep the Court informed of any change in address" and that such "notification is essential to the orderly disposition of cases"). Notwithstanding this duty, Plaintiff did not submit a change of address to the Court or otherwise inform the Court of his current address after his release from state custody.

7. On June 27, 2016, the Court issued a Notice of Hearing, and mailed it to the last known addresses of the parties. It scheduled the final pretrial conference in this matter for July 6, 2016. The Notice of Hearing warned the parties that "[t]he presence of all parties is required. Failure of either party to appear may result in dismissal of the case or entry of judgment against them."

8. The Court held a final pretrial conference on July 6, 2016.

9. Defendant Deon Harris appeared at the final pretrial conference, but Plaintiff did not appear.

10. After the final pretrial conference, this Court entered a Show Cause Order, requiring Plaintiff to appear before the Court at 9:00 a.m. on Monday July 11, 2016, to show cause

why he did not appear at the final pretrial conference. The Show Cause Order warned Plaintiff that "[f]ailure to appear will result in this case being dismissed."

11. Furthermore, the trial in this matter was set, by previous Order to begin at 9:30 a.m. on the same day. (Doc. No. 27).

12. In preparation for trial, the Court summoned potential jury members, required staff to be ready to assist in a jury trial, scheduled a courtroom, and otherwise prepared to conduct a civil jury trial at the request of Plaintiff.

13. Plaintiff did not appear for either the ordered show cause hearing, scheduled for 9:00 a.m., or for the trial which was scheduled for 9:30 a.m., on July 11, 2016.

14. Defendant Deon Harris, thereafter, moved in open court for dismissal of this action based on Plaintiff's failure to prosecute this action or comply with the rules and orders of the Court.

15. The Court granted Defendant Harris's motion to dismiss, and the Court noted that dismissal was also appropriate, sua sponte, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based on Plaintiff's failure to prosecute or follow the rules and orders of the Court.

**IT IS THEREFORE ORDERED that:**

(1) For the reasons stated in open court, and based on the findings in this Order, this action is **DISMISSED with prejudice**.

(2) The Clerk of Court is directed to close this case.

_____
Robert J. Conrad, Jr.
United States District Judge